OPINION
{¶ 1} Appellant Christopher J. McMillen, aka Christopher J. McMillan, appeals the decision of the Court of Common Pleas, Stark County, which found him to be a sexual predator. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} In 1993, following a jury trial, appellant was found guilty of and sentenced on six counts of statutory rape, six counts of gross sexual imposition, and three counts of child endangering. On direct appeal, this Court reversed the three child endangering convictions. In addition, we found no verdict had been properly returned as to Count Six (statutory rape) and vacated the sentence on said count. (Count Six was subsequently dismissed upon motion by the state.) See State v. McMillan
(May 22, 1995), Stark App. No. CA-9561.
 {¶ 3} On November 30, 2001, pursuant to a prison warden recommendation, the trial court conducted a sexual predator classification hearing. By written motion, appellant requested the appointment of a psychological expert for his defense. The motion was renewed orally and the court took it under advisement. On December 5, 2001, the trial court issued a judgment entry finding appellant to be a sexual predator and overruling the requested appointment of an expert.
 {¶ 4} Appellant timely appealed and herein raises the following sole Assignment of Error:
 {¶ 5} "I. THE COURT ERRED IN NOT GRANTING THE APPELLANT FEES TO HIRE AN EXPERT WITNESS AND ALLOW THAT TESTIMONY TO BE PRESENTED AT THE HEARING."
 I. {¶ 6} In his sole Assignment of Error, appellant contends that the trial court erred when it denied his request for the appointment of an expert witness at the sexual predator hearing. We disagree.
 {¶ 7} Appellant cites to the Ohio Supreme Court's decision inState v. Eppinger (2001), 91 Ohio St.3d 158, 743 N.E.2d 881. InEppinger, the Court addressed the need for the appointment of an expert witness in a sexual offender classification hearing, holding as follows: "An expert witness shall be provided to an indigent defendant at an R.C.2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E)." Id. at syllabus.
 {¶ 8} R.C. 2950.01(E) defines "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 {¶ 9} "(2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following: (a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 10} In classifying appellant a sexual predator, the trial court considered the above factors. The court had before it the 1993 indictment against appellant, a copy of the bill of particulars, and the three-volume transcript from the trial. The court also had the opportunity to review the discovery materials in the case file, which included the four child victims' medical records. The victims were the children of appellant's then-girlfriend, ages two to six at the time the sexual abuse incidents began. For a period of more than five years, until the children were ages eight to eleven, respectively, appellant continued his abusive acts. The evidence, which included expert psychological testimony concerning the children, revealed numerous acts of oral sex, vaginal and anal penetration, and physical abuse perpetrated by appellant. The evidence further revealed that appellant forced all four of the children to perform oral sex on him. One of the boy victims testified that appellant on one occasion woke all the children up, took them downstairs, and "put his penis into everybody's butt and in their front." Tr., Vol II, at 22. Appellant made threats to kill one of the children if the abuse were revealed, and also warned the children that he would kill their pet cat if they reported what was happening. Appellant, taking the stand at trial, denied all of the allegations, but admitted to serving twice in prison previously for felony drug abuse and breaking and entering. Tr., Vol. III, at 58.
 {¶ 11} Appellant argues that he will not be eligible for parole until approximately 2023, and that an expert is necessary to determine his likelihood of re-offending that far into the future. We are unpersuaded under the circumstances herein presented. As noted in our opinion in State v. Covill, Stark App. No. 2001CA00074, 2001-Ohio-1679, the fact that defendants prone to pedophilia tend to have a high rate of recidivism distances their cases from what is presented in Eppinger, in which the victim was an adult. Additionally, the Supreme Court indicated that the defendant, Eppinger, had been convicted of only one sexually oriented offense, and that there was an absence of "a history of similar offenses or other indicators." Id. at 163. Such is clearly not the case in the matter sub judice. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Upon review of the record as hereinbefore discussed, we find no abuse of discretion in the trial court's conclusion that a court-appointed psychologist was not reasonably necessary to address the sexual predator classification herein at issue.
 {¶ 12} Appellant's sole Assignment of Error is overruled.
 {¶ 13} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J., Hoffman, P.J., and Boggins, J., concur.